SARAH E. ROSS, Bar No. 252206
sross@littler.com
ALEXANDRA BERNSTEIN, Bar No. 327492
abernstein@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, California  90067.3107
Telephone:   310.553.0308
Fax No.:      310.553.5583

Attorneys for Defendant
THE GOODYEAR TIRE & RUBBER COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RODAS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 21-cv-07526<br><br>**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed August 4, 2021, (*Los Angeles County Superior Court* Case No.  21STCV28702) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THE GOODYEAR TIRE & RUBBER COMPANY ("Defendant" or "Goodyear") hereby removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds[1]:

## I.    JURISDICTION AND VENUE ARE PROPER

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

2. This action was filed in the Superior Court for the State of California, County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441, and 1446.

---

[1] "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014), *quoting* 28 U. S. C. §1446(a). "A statement 'short and plain' need not contain evidentiary submissions." *See id.* at 547.

## II.  STATUS OF THE PLEADINGS

3.     On August 4, 2021, Plaintiff Daniel Rodas ("Plaintiff") commenced this action by filing a complaint in the Superior Court of California, County of Los Angeles entitled *Daniel Rodas v. The Goodyear Tire & Rubber Company; and Does 1 to 50*, designated as Case No. 21STCV28702 ("Complaint").  The Complaint alleges three causes of action: (1) violation of Labor Code §§ 510, 558, and 1194, (2) violation of Labor Code § 226(a), and (3) violation of Business & Professions Code § 17200, *et seq*. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit 1** pursuant to 28 U.S.C. §1446(a).

4.     On August 20, 2021, Defendant was served with the Complaint, along with copies of the Summons, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, Alternative Dispute Resolution (ADR) Information Package, and Voluntary Efficient Litigation Stipulations through Defendant's agent for service of process. True and correct copies of these documents served on Defendant are attached to this Notice of Removal as **Exhibit 2.**

5.     On August 23, 2021, Defendant was served by Plaintiff with Plaintiff's Notice of Initial Status Conference Order which included notice of the Court's August 11, 2021 Minute Order Regarding Court Newly Filed Class Action. A true and correct copy of Plaintiff's Notice of Initial Status Conference Order is attached to this Notice of Removal as **Exhibit 3.**

6.     On August 30, 2021, Plaintiff filed a Proof of Service of the Summons and Complaint served on Defendant. A true and correct copy of the Proof of Service is attached to this Notice of Removal as **Exhibit 4**.

7.     On September 17, 2021, Goodyear filed its state court answer to Plaintiff's Complaint.  A true and correct copy of the Answer is attached to this Notice of Removal as **Exhibit 5.**

8.     To Defendant's knowledge, the documents attached to the Declaration of Sarah E. Ross constitute all process, pleadings, and orders served upon Defendant or

filed in the State Court action by Defendant. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

## III.   TIMELINESS OF REMOVAL AND NOTICE

9.    An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

10.    Plaintiff served Defendant on August 20, 2021. Thirty days from August 20 is Sunday, September 19, 2021. Pursuant to Fed. R. Civ. P. 6(a)(1)(C), when the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(A)(5) (requiring deadlines "count every day, including intermediate Saturdays, Sundays, and legal holidays … but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Further, "next day" is "determined by continuing to count forward when the period is measured after an event and backward when measured before an event." *See id*. Therefore, the period is extended to Monday, September 20, 2021, and this Notice of Removal is timely filed. 28 U.S.C. § 1446(b); *see Fleming v. United Teacher Assocs. Ins. Co*., 250 F. Supp. 2d 658, 660-661 (D.W. Va. 2003) (removal filed on 31 days timely when final day was a holiday); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975) (same); *see also Agavni Pogosyan v. U.S. Bank Trust National Association et a*l., 2015 WL 12696188 at *2 (C.D. Cal. 2015) (same); *Williams v. Leonard*, 2003 WL 163183 *1 (N.D. Cal. 2003) (same).[2]

/ / /

---

[2] Regardless, arguably, the 30-day deadline under 28 U.S.C. §1146(b)(1) does not apply to removals under CAFA. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 123, 125-126 (9th Cir. 2013).

## IV.   CAFA JURISDICTION

11.     CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A.     **Plaintiff Filed a Class Action Under State Law**

12.     Plaintiff filed his action as a class action based on alleged violations of California state law. (Complaint, ¶ 1.)

### B.     **The Proposed Class Contains At Least 100 Members**

13.     Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

14.     Plaintiff filed this action on behalf of three putative sub-classes of current and former non-exempt employees of Defendant including: "[a]ll current and former non-exempt employees of Defendant[sic] in the State of California, who were paid any wages identified as "Details Not Displayed" at any time from August 4, 2020, through the present (the 'Details Wage Statement Class')." (Complaint, ¶ 18(c); *see also*, Complaint, ¶¶ 36-41.)

15.     The statutory period for Labor Code section 226(e) penalties is one year. CAL. CODE CIV. PROC. § 340. Based on a review of Defendant's records, Defendant employed approximately 952 non-exempt employees from August 4, 2020 through September 2, 2021. Accordingly, Defendant's internal records demonstrate that there are well over 100 putative class members in this matter.

/ / /

**C.      Defendant Is Not a Governmental Entity**

16.      Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

17.      Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA.

**D.      There Is Diversity Between At Least One Class Member and Defendant**

18.      "Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

19.      CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

20.      For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary

evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

21.    While Plaintiff was employed by Defendant, he was a resident of California, and Defendant is informed and believes that Plaintiff is currently a resident and citizen of California. Defendant has thus established by a preponderance of the evidence that Plaintiff is domiciled in California, and is, thus, a citizen of California. *See id.*; *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7.

22.    For purposes of 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State [] by which it has been incorporated and of the State [] where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

23.    Defendant is a publicly traded corporation, and is organized under the laws of the State of Ohio, and is therefore, a citizen of Ohio.  *See also* Complaint, ¶ 10 (alleging that Defendant is an Ohio corporation).

24.    Defendant's principal place of business is in Ohio. To determine a corporation's principal place of business, the courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92–93. Defendant maintains its principal place of business in Ohio, where its executive and administrative offices are located, and where the majority of its executive and administrative functions are performed. Defendant's principal place of business is where its officers direct, control and coordinate its activities. *See Hertz*, 559 U.S. at 92–93.

25.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

26.     Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (Ohio), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E.     The Amount In Controversy Exceeds $5,000,000[3]

27.     This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

28.     The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

29.     Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000. *See Lewis v. Verizon*

---

[3] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

1    *Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is

2  simply an estimate of the total amount in dispute, not a prospective assessment of

3  [D]efendant's liability"); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d

4  1121, 1123 (9th Cir. Cal. 2013) (a defendant "may remove when it discovers, based on

5  its own investigation, that a case is removable.").

6        30.    For purposes of determining whether a defendant has satisfied the amount

7  in controversy requirement, the Court must presume that the plaintiff will prevail on

8  their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d

9  993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th

10  Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff

11  prevails on liability."). The ultimate inquiry is what amount is put "in controversy" by

12  a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Mkt.*

13  *Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.*

14  775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is

15  persuaded the amount in controversy exceeds $5,000,000, defendants are still free to

16  challenge the actual amount of damages at trial because they are only estimating the

17  amount in controversy).

18        31.    Here, Plaintiff does not allege the amount in controversy in the Complaint,

19  though he alleges a "pattern and practice" by Defendant that purportedly deprived class

20  members of wages. (Complaint, ¶ 32.)  He further alleges Defendant allegedly, engaged

21  in "systemic illegal employment practices." (Complaint, ¶ 2.)

22        32.    As discussed above, Plaintiff filed his Complaint on August 4, 2021, and

23  he alleges claims for non-payment of overtime wages, inaccurate wage statements,

24  waiting time penalties, and claims under the Unfair Competition Law ("UCL").

25  (Complaint, ¶¶ 30-46.)

26  / / /

27  / / /

28  / / /

1    **1.    Amount in Controversy – Plaintiff's Waiting Time Penalties**
2         **Claim (Labor Code § 203)**

3    33.    In his First Cause of Action, Plaintiff seeks waiting time penalties pursuant
4    to California Labor Code section 203. (Complaint, ¶ 35.) The statute of limitations for
5    Plaintiff's Labor Code section 203 waiting time penalty claim is three years. *Pineda v.*
6    *Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395 (2010) ("no one disputes that when an
7    employee sues to recover both unpaid final wages and the resulting section 203
8    penalties, the suit is governed by the same three-year limitations period that would apply
9    had the employee sued to recover only the unpaid wages").

10   34.    The Labor Code's penalty for failure to pay wages at termination is up to
11   30 days' wages for each employee. Cal. Labor Code § 203(a).

12   35.    For purposes of removal only, based on a review of its records, at least 472
13   employees who earned overtime wages and non-discretionary remuneration during the
14   same workweek have separated from Defendant's employment since August 4, 2018.
15   The average pay rate for employees who separated from Defendant since August 4,
16   2018 is $17.01. Therefore, the amount in controversy for Plaintiff's waiting time
17   penalties claim in his First Cause of Action is approximately **$1,926,892.80** (472
18   employees * 8 hours * 30 days * $17.01 average rate of pay).

19   **2.    Amount in Controversy – Plaintiff's Claim for Inaccurate Wage**
20        **Statements (Labor Code § 226)**

21   36.    In his Second Cause of Action, Plaintiff alleges that Defendant, "as a
22   matter of policy and practice, failed in its affirmative obligation to provide <u>accurate</u>
23   itemized wage statements to Plaintiff and Class Members." (Complaint, ¶ 37 (emphasis
24   in original.)) Plaintiff alleges that the deficiencies include failing to accurately identify
25   the applicable hourly rates of pay and numbers of hours worked, among other things,
26   as Plaintiff alleges that Defendant included "Details Not Displayed" on wage statements
27   issued to Plaintiff and putative class members. (Complaint, ¶¶ 38-39.)

28

37.     Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. CAL. LABOR CODE § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. CAL. CODE CIV. PROC. § 340.

38.     Defendant denies the validity and merit of Plaintiff's wage statement claim.   It appears that Plaintiff's allegation regarding the "Details Not Displayed" on the wage statements may encompass all wage statements issued to all non-exempt employees in California.  For purposes of removal only, based on a review of its records, Defendant has employed at least 952 non-exempt employees since August 4, 2020, for 37,847 pay periods. Therefore, the average number of pay periods per employee is more than 39 pay periods, and the resulting average penalties per employee are $3,850 ([$50 * 1] + [$100 * 38]). Multiplying that number by the 952 employees at issue equals **$3,665,200.00.**

### 3.     Amount in Controversy – Plaintiff's Claim for Attorneys' Fees

39.     Finally, Plaintiff seeks attorneys' fees and costs in his Complaint. (Complaint, Prayer for Relief ¶¶ 4, 5, 7.) Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See*, *e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

40.     In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

10.

million); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

41.     The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

42.     Based on the above, the amount in controversy for failure to pay wages at termination and wage statement penalties, which does not consider Plaintiff's failure to pay overtime claim, is conservatively **$5,592,092.80**. This subtotal exceeds $5,000,000 absent any inclusion of attorneys' fees. However, considering attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by $1,398,023.20, a total amount in controversy of **$6,990,116**.

F.      **Amount in Controversy – Summary**

43.     As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action for failure to pay wages at time of termination, wage statement penalties, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2). Notably, as discussed above,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

11.

this estimate does not account for the unpaid overtime wages that Plaintiff contends that he and the putative class members are owed in his First Cause of Action, nor does it include any other damages or restitution that Defendant may be ordered to pay pursuant to Plaintiff's UCL claim (Third Cause of Action). Figuring those claims into the equation further reinforces that the amount in controversy exceeds $5 million.

44.     Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

| Plaintiffs' Alleged Claim | Amount in Controversy Conservative Estimate |
|---|---|
| Waiting Time Penalties in First Cause of Action | $1,926,892.80 |
| Inaccurate Wage Statements | $3,665,200.00 |
| Attorneys' Fees | $1,398,023.20 |
| **Amount in Controversy** | **$6,990,116.00** |

## V.     NOTICE TO THE COURT AND PARTIES

45.     Contemporaneously with the filing of this notice of removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the notice of removal will be filed with the clerk of the court for the Superior Court of the County of Los Angeles.

WHERFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

Dated: September 20, 2021

_____
SARAH E. ROSS
ALEXANDRA BERNSTEIN
LITTLER MENDELSON, P.C.
Attorney for Defendant
THE GOODYEAR TIRE & RUBBER
COMPANY

13.