# EXHIBIT 1

COPY

1 | Larry W. Lee (State Bar No. 228175)
2 | Max W. Gavron (State Bar No. 291697)
| **DIVERSITY LAW GROUP, P.C.**
3 | 515 S. Figueroa Street, Suite 1250
| Los Angeles, CA 90071
4 | (213) 488-6555
5 | (213) 488-6554 facsimile

6 | Attorneys for Plaintiff and the Class

7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 04 2021

Sherri R. Carter, Executive Officer/Clerk
By: Rita Nazaryan, Deputy

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10 | DANIEL RODAS, as an individual and on | Case No.: **21STCV28702**
11 | behalf of all others similarly situated,
12 | Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES FOR:**
13
14 | vs. | **(1) VIOLATION OF LABOR CODE §§ 510, 558, AND 1194;**
15 | THE GOODYEAR TIRE & RUBBER | **(2) VIOLATION OF LABOR CODE § 226(a); AND**
| COMPANY, an Ohio corporation; and
16 | DOES 1 through 50, inclusive, | **(3) VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.**
17 | Defendants.
18 | | **DEMAND OVER $25,000.00**
19
20 | Plaintiff Daniel Rodas ("Plaintiff") hereby submits this Class Action Complaint against
21 | Defendant The Goodyear Tire & Rubber Company, an Ohio corporation, and Does 1-50
22 | (hereinafter collectively referred to as "Defendants"), as an individual and on behalf of all other
23 | similarly situated current and former employees of Defendants for penalties and/or damages for
24 | failure to pay all overtime wages owed and provide accurate, itemized wage statements under
25 | California Labor Code statutes, and restitution for unfair business practices in violation of
26 | Business and Professions Code § 17200, et seq., as follows:
27 | **INTRODUCTION**
28 | 1. This class action is within the Court's jurisdiction under California Labor Code

1

**CLASS ACTION COMPLAINT**

§§ 201-204, 226, 510, 558, 1194, 1197, and 1197.1, the California Industrial Welfare Commission's ("IWC") Wage Orders, and the California Unfair Competition Law (the "UCL"), codified at California Business and Professions Code § 17200, *et seq.*

2.     This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of Defendants.

3.     Plaintiff is informed and believes and based thereon alleges that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to pay all overtime wages owed and provide accurate, itemized wage statements to Plaintiff and the Class.

4.     Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.     The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the California Business and Professions Code.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 510, 558, 1194, 1197, and 1197.1, and the UCL.

7.     Venue is proper in Los Angeles County because Defendants maintain business locations in Los Angeles County and Plaintiff worked for Defendants in Los Angeles County.

## PARTIES

8.     Plaintiff was employed by Defendants as a maintenance technician and customer adviser from about January 2020 to about May 29, 2021. Plaintiff worked as an hourly, non-exempt employee.

2

CLASS ACTION COMPLAINT

9.      Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed by California Labor Code §§ 201-204, 226, 510, 558, 1194, 1197, and 1197.1, the applicable IWC Wage Orders, and the UCL.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant The Goodyear Tire & Rubber Company was and is an Ohio corporation that is engaged in the business of selling tires and providing tire and vehicle maintenance services throughout the State of California.

11.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and Does 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

12.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 201-204, 226, 510, 558, 1194, 1197, and 1197.1, the IWC Wage Orders, and the UCL.

13.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

//

3

CLASS ACTION COMPLAINT

15. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

18. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382, of the following classes (together, the "Class"):

    a. All current and former non-exempt employees of Defendants in the State of California, who were earned overtime wages and non-discretionary remuneration during the same workweek, at any time from August 4, 2017, through the present (the "Regular Rate Class"); and

    b. All current and former non-exempt employees of Defendants in the State of California, who were paid any wages on a piece-rate basis at any time from August 4, 2020, through the present (the "Piece-Rate Wage Statement Class").

4

1     c. All current and former non-exempt employees of Defendants in the State

2       of California, who were paid any wages identified as "Details Not

3       Displayed" at any time from August 4, 2020, through the present (the

4       "Details Wage Statement Class").

5  19. **Numerosity and Ascertainability:** The members of the Class are so numerous

6 that joinder of all members would be impractical, if not impossible. The identity of the members

7 of the Class is readily ascertainable by review of Defendants' records, including payroll records.

8 Plaintiff alleges that Defendants: (a) failed to pay overtime wages for all hours worked at the

9 correct rate of pay, in violation of Labor Code §§ 510, 558, and 1194; (b) failed to provide

10 accurate, itemized wage statements, in violation of Labor Code § 226(a); and (c) engaged in

11 Unfair Business Practices in violation of the UCL, the California Labor Code, including without

12 limitation California Labor Code §§ 201-204, 226, 510, 558, 1194, 1197, and 1197.1, and the

13 applicable IWC Wage Orders.

14  20. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all

15 necessary steps to represent fairly and adequately the interests of the Class defined above.

16 Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and

17 individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions

18 in the past and currently have a number of wage-and-hour class actions pending in California

19 courts.

20  21. Defendants uniformly administered a corporate policy, practice of: (a) failing to

21 pay overtime wages at the correct rate of pay, in violation of Labor Code §§ 510, 558, and 1194;

22 (b) failing to provide accurate, itemized wage statements, in violation of Labor Code § 226(a);

23 and (c) engaging in Unfair Business Practices in violation of the UCL, the California Labor

24 Code, including without limitation California Labor Code §§ 201-204, 226, 510, 558, 1194,

25 1197, and 1197.1, and the applicable IWC Wage Orders.

26  22. **Common Question of Law and Fact:** There are predominant common questions

27 of law and fact and a community of interest amongst Plaintiff and the claims of the Class

28 concerning Defendants: (a) failing to pay overtime wages at the correct rate of pay, in violation

CLASS ACTION COMPLAINT

1  of Labor Code §§ 510, 558, and 1194; (b) failing to provide accurate, itemized wage statements,

2  in violation of Labor Code § 226(a); and (c) engaging in Unfair Business Practices in violation of

3  the UCL, the California Labor Code, including without limitation California Labor Code §§ 201-

4  204, 226, 510, 558, 1194, 1197, and 1197.1, and the applicable IWC Wage Orders.

5  23.  **Typicality:** The claims of Plaintiff are typical of the claims of all members of the

6  Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical

7  manner as the Class Members. As with other non-exempt employees, Plaintiff earned non-

8  discretionary remuneration, including without limitation, incentive pay and "SPIFF" pay. During

9  workweeks when Plaintiff worked overtime and received said non-discretionary compensation in

10  that same workweek, Defendants failed to correctly calculate Plaintiff's regular rate of pay for

11  the purposes of paying overtime. In this regard, Defendants failed to include any non-

12  discretionary remuneration earned into the calculation of the regular rate. Thus, Plaintiff is owed

13  additional overtime pay based on the correct, higher regular rate of pay. To date, Plaintiff has yet

14  to receive the underpaid overtime wages owed to him. Thus, Defendants are liable for waiting

15  time penalties pursuant to Labor Code § 203. Moreover, due to Defendants' miscalculation of the

16  regular rate of pay for purposes of paying overtime referenced above, the wage statements

17  provided to Plaintiff did not reflect the accurate overtime rates of pay, gross wages earned, and

18  net wages earned, in violation of Labor Code §§ 226(a)(1), (a)(5), and (a)(9). In addition, the

19  wage statements issued to Plaintiff failed to identify all applicable rates of pay and number of

20  hours worked for all wages, and applicable pieces and rates of pay for wages earned on a piece-

21  rate basis, in violation of Labor Code §§ 226(a)(3) and (a)(9). More specifically, Plaintiff

22  routinely received wage statements that displayed a gross amount paid and "Details Not

23  Displayed," rather than the hourly rates of pay and number of hours worked used to calculate the

24  amount paid. Furthermore, when incentives and SPIFF pay were earned on a piece-rate basis,

25  said wage statements did not identify the applicable piece rates and pieces used to calculate such

26  wages. As such, Plaintiff is a member of the Class and has suffered the alleged violations of

27  California Labor Code §§ 201-204, 226, 510, 558, 1194, 1197, and 1197.1, and the applicable

28  IWC Wage Orders.

24.     The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

25.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

26.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against Defendants and which would establish potentially incompatible standards of conduct for Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for unpaid wages,

CLASS ACTION COMPLAINT

1   including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit

2   according to the mandate of California Labor Code §§ 218.5, 226, and 1194, the applicable IWC

3   Wage Orders, and Code of Civil Procedure § 1021.5.

4         28.    Proof of a common business practice or factual pattern, which the named Plaintiff

5   experienced and is representative of, will establish the right of each of the members of the Class

6   to recovery on the causes of action alleged herein.

7         29.    The Class is commonly entitled to a specific fund with respect to the

8   compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to

9   restitution of those funds being improperly withheld by Defendants. This action is brought for

10   the benefit of the entire class and will result in the creation of a common fund.

11   <u>**FIRST CAUSE OF ACTION**</u>

12   **VIOLATION OF LABOR CODE §§ 510, 558, AND 1194**

13   **(BY PLAINTIFF AND THE REGULAR RATE CLASS AGAINST ALL DEFENDANTS)**

14         30.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as

15   though fully set forth herein.

16         31.    This cause of action is brought pursuant to Labor Code § 510, which requires an

17   employer to pay employees overtime at a rate of one and one-half the employee's <u>regular rate of</u>

18   <u>pay</u> for any work in excess of eight hours in a workday or 40 hours in a workweek.

19         32.    As a pattern and practice, Defendants suffered and permitted employees to work

20   in excess of eight hours in a workday and/or over 40 hours in a workweek without proper

21   overtime pay.

22         33.    During workweeks when Plaintiff and the Class worked overtime and earned non-

23   discretionary remuneration, including without limitation, incentive pay and spiffs, in the same

24   workweek, Defendants failed to properly calculate the regular rate of pay for purposes of paying

25   overtime wages. More specifically, Defendants failed to factor any non-discretionary

26   remuneration earned into the calculation of the regular rate of pay for purposes of paying

27   overtime wages. As a result of such policy and practice, Defendants underpaid overtime wages to

28   Plaintiff and the Class and thus owe additional overtime wages.

34.     Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 510, 558, and 1194.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to provide all overtime wages due and owing to Plaintiff and Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment from Defendants are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226(a)

**(BY PLAINTIFF, THE REGULAR RATE CLASS, PIECE-RATE WAGE STATEMENT CLASS, AND ~~DETAILED~~ WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)**

36.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

37.     Labor Code § 226(a) requires employers to provide itemized wage statements to its employees that identify accurate information, including without limitation, all applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each hourly rate, applicable pieces and rates of pay for piece-rate wages, gross wages earned, and net wages earned. Defendants, as a matter of policy and practice, failed in its affirmative obligation to provide <u>accurate</u> itemized wage statements to Plaintiff and Class Members, in violation of Labor Code § 226(a).

38.     As a result of Defendants' violations of Labor Code §§ 510, 558, and 1194 as identified above, the wage statements issued to Plaintiff and Class Members failed to correctly identify the applicable hourly rates for overtime wages, gross wages earned, and net wages earned, in violation of Labor Code § 226(a)(1), (a)(5), and (a)(9).

9

CLASS ACTION COMPLAINT

39.     Moreover, as a separate violation of Labor Code § 226(a) as identified above, the wage statements issued to Plaintiff and Class Members failed to identify all applicable rates of pay and number of hours worked for all wages, and applicable pieces and rates of pay for wages earned on a piece-rate basis, in violation of Labor Code §§ 226(a)(3) and (a)(9). Wage statements issued to Plaintiff and Class Members routinely displayed a gross amount paid and "Details Not Displayed," rather than the hourly rates of pay and number of hours worked used to calculate the amount paid. In addition, when incentives and SPIFF wages were earned on a piece-rate basis, said wage statements did not identify the applicable piece rates and pieces used to calculate such wages.

40.     The issuance of inaccurate wage statements caused injury to Plaintiff and Class Members as they cannot accurately verify and/or calculate their wages given on the inaccurate information displayed on the wage statements.

41.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and Class Members identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## THIRD CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*
### (BY PLAINTIFF AND THE REGULAR RATE CLASS AGAINST ALL DEFENDANTS)

42.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

43.     Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above, including by failing to pay employees overtime wages at the correct regular rate of pay in violation of Labor Code §§ 510, 558, and 1194.

44.     Defendants' utilization of such unfair and unlawful business practices constitutes unfair and unlawful competition and provides an unfair advantage over Defendants' competitors.

45.     Plaintiff seeks, individually and on behalf of the members of the Class, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

46.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive, and unfair business practices, as proscribed by California Business & Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other class members the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as an individual and on behalf of all others that this suit is brought against Defendants, jointly and severally, as follows:

1.     For an order certifying the proposed classes;

2.     For an order appointing Plaintiff as the representative of the Class as described herein;

3.     For an order appointing counsel for Plaintiff as Class counsel;

4.     Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201-203, 510, 558 and 1194, and for costs and attorneys' fees;

5.     Upon the Second Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226(a), and for costs and attorneys' fees;

6.     Upon the Third Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*, for the time periods described above;

7.     On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, and 1194, and Code of Civil Procedure § 1021.5; and

8.     For such other and further relief as the Court may deem just and proper.

1

2    DATED:  August 4, 2021             DIVERSITY LAW GROUP, P.C.

3

4                            By:_____

5                                Larry W. Lee
                                Max W. Gavron

6                                Attorneys for Plaintiff and the Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

CLASS ACTION COMPLAINT