**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Daniel Rodas,

            Plaintiff,

            v.

The Goodyear Tire and Rubber

Company et al.,

            Defendants.

Case No. 2:21-cv-07526-VAP-(KESx)

**Order DENYING**
**Motion to Remand (Doc. No. 17)**

Plaintiff Daniel Rodas ("Rodas") filed a Motion to Remand ("Motion") on October 20, 2021.  (Doc. No. 17.)  Defendant The Goodyear Tire and Rubber Company ("Goodyear") opposed the Motion on November 8, 2021, (Doc. No. 18), and Rodas replied on November 15, 2021 (Doc. No. 19.)  After considering all the papers filed in support of, and in opposition to the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7–15.  The Court **DENIES** the Motion to Remand.

## I.  BACKGROUND

Plaintiff Rodas filed this putative class action in Los Angeles Superior Court against Defendant Goodyear, alleging violations of various California Labor Code sections.  (*See* "Compl.," Doc. No. 1-1.)  The Complaint alleges that Defendant failed to pay overtime wages, failed to provide accurate

United States District Court
Central District of California

United States District Court
Central District of California

1  wage statements, and engaged in unlawful business practices.  (Compl. ¶¶

2  30-46.)  The Complaint also seeks waiting time penalties, inaccurate wage

3  penalties, and attorneys' fees for such violations.  (Compl. ¶¶ 35-41.).  On

4  September 20, 2021, Goodyear timely removed the Complaint to this Court

5  based on jurisdiction under the Class Action Fairness Act ("CAFA").  (Doc.

6  No. 1.)

7

8  ## II.      LEGAL STANDARD

9  Removal jurisdiction is governed by statute.  *See* 28 U.S.C. §§ 1441

10  *et seq*.; *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir.

11  1979) ("The removal jurisdiction of the federal courts is derived entirely from

12  the statutory authorization of Congress") (citations omitted).  Defendants

13  may remove a case to federal court when a case originally filed in state

14  court presents a federal question or is between citizens of different states.

15  *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453.  Only those state court actions

16  that originally could have been filed in federal court may be removed.  28

17  U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

18

19  Although CAFA gives district courts diversity jurisdiction to hear

20  certain class actions, defendants must show that "any member of a class of

21  plaintiffs is a citizen of a State different from any defendant" (minimum

22  diversity); the number of members of the proposed plaintiff class exceeds

23  100 in the aggregate (numerosity); and "the matter in controversy exceeds

24  the sum or value of $5,000,000, exclusive of interest and costs" (amount in

25  controversy).  28 U.S.C. § 1332(d); *see also Luther v. Countrywide Home*

26

United States District Court
Central District of California

1  *Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008); *Serrano v. 180*

2  *Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007).

3

4      A defendant's notice of removal need include only a plausible

5  allegation that the amount in controversy exceeds the jurisdictional

6  threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B)

7  only when the plaintiff contests, or the court questions, the defendant's

8  allegation.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81,

9  88-89 (2014).  When the removed complaint fails to allege a specific amount

10 in controversy, or when the complaint alleges an amount in controversy less

11 than the jurisdictional threshold, the removing defendant must prove by a

12 preponderance of the evidence that the amount in controversy is greater

13 than $5,000,000.  *Rodriguez v. AT&T Mobility Servs.*, No. 13-56149, 2013

14 WL 4516757, at *6-7 (9th Cir. Aug. 27, 2013) (citing *Standard Fire Ins. Co. v.*

15 *Knowles*, 133 S. Ct. 1345, 1348 (2013)); *Lewis v. Verizon Commc'ns, Inc.*,

16 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted).

17

18      In determining the amount in controversy, the Court considers not

19 only the facts alleged in the complaint, taken as true for purposes of

20 calculating the amount, but also "summary-judgment-type evidence relevant

21 to the amount in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116

22 F.3d 373, 377 (9th Cir. 1997).  "[T]he amount in controversy is simply an

23 estimate of the total amount in dispute, not a prospective assessment of

24 defendant's liability." *Lewis*, 627 F.3d at 400.

25

26

United States District Court
Central District of California

1

### III.   DISCUSSION

2   Rodas challenges removal only on the basis Goodyear failed to

3   satisfy the amount-in-controversy requirement under CAFA.  (Doc. No. 17 at

4   9.)  According to Rodas, Goodyear miscalculates the inaccurate wage

5   statements penalties and the attorneys' fees.[1]  (*Id.* at 8-12.)  In support of

6   this contention, Rodas cites *Harris v. KM Indus., Inc.*, 980 F.3d 694 (9th Cir.

7   2020), which held that defendant "failed to produce any proof that the

8   members of the Hourly Employee Class and the two subclasses were the

9   same and that they all worked shifts long enough to qualify for meal and rest

10   period, and this failure rendered [defendant's] assumption unsupported and

11   unreasonable." (Doc. No. 17 at 11-12.)

12

13   Rodas's arguments are unavailing.  "CAFA's requirements are to be

14   tested by consideration of real evidence and the reality of what is at stake in

15   the litigation, using reasonable assumptions underlying the defendant's

16   theory of damages exposure." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193,

17   1198 (9th Cir. 2015).  In other words, "a defendant cannot establish removal

18   jurisdiction by mere speculation and conjecture, with unreasonable

19   assumptions." *Id*. at 1197.  Reasonable assumptions are reasonable

20   deductions, inferences or extrapolations drawn from specific factual

21   allegations, supportable by evidence (if challenged by the plaintiff or the

22   court).  *Id*. (citation omitted); *see also Siewe v. Gonzales*, 480 F.3d 160, 168

23   (2d Cir. 2007) ("An inference is not a suspicion or a guess.  It is a reasoned,

24   logical decision to conclude that a disputed fact exists on the basis of

25

26   [1] Rodas does not challenge Goodyear's waiting time penalties' calculation
   of $1,926,892,80.

4

United States District Court
Central District of California

1 │ another fact that is known to exist.").  For example, a declaration from a

2 │ company employee is "credible evidence to establish CAFA removal"

3 │ jurisdiction with respect to the amount in controversy where that employee's

4 │ testimony cites to "statistics gleaned from defendant's records, such as the

5 │ number of class members" and explains "where she obtained her figures

6 │ and how her estimates and averages were calculated."  *Alvarez v. Office*

7 │ *Depot, Inc.*, No. 17-7220, 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017)

8 │ (collecting cases).

9 │

10 │     Goodyear here base their calculations on Susan K. Buckley's

11 │ declaration, Goodyear's Payroll Operations Manager, and reports generated

12 │ in the ordinary course of business.  ("Buckley Decl.," Doc. No. 18-2.); *see*

13 │ *also Alvarez*, 2017 WL 5952181, at *2.  Buckley states that from August 4,

14 │ 2020 to September 2, 2021, the alleged violation period, "there were

15 │ approximately at least 919 hourly, non-exempt employees employed by

16 │ [Goodyear] in California who earned overtime" and who worked

17 │ "approximately 36,137 pay periods" resulting in an average of 39 pay

18 │ periods per employee.  (Buckley Decl. ¶¶ 7-9; Doc. No. 18 at 10.)  Buckley

19 │ then determined the wage statements violation rate of 91.49% based on

20 │ Rodas's pay stubs.  (Buckley Decl. ¶ 17) ("[Rodas] received 47 pay stubs

21 │ between August 4, 2020 to August 4, 2021 for work conducted over the

22 │ course of his employment with Defendant.  Of those pay stubs, 43 or

23 │ 91.49% of his 'view mode' pay stubs, included the notation 'Details Not

24 │ Displayed.'"); *cf. Harvey v. Advisors Mortg. Grp., LLC*, No. 21-1048, 2021

25 │ WL 4521065, at *5 (S.D. Cal. Oct. 4, 2021) ("Given Defendant's failure to

26 │ introduce any evidence supporting a 95% violation rate, the Court concludes

United States District Court
Central District of California

1   that Defendant has failed to establish by a preponderance of the evidence

2   that $4,000 is at issue for Plaintiff's claim for failure to provide accurate

3   wage statements."). Applying this 91.49% violation rate to the average of

4   39 pay periods per employee yields 35.68 pay periods per employee. (Doc.

5   No. 18 at 11-12). Goodyear correctly asserts that "at a 91.49% violation

6   rate, the resulting average penalties per employee is $3,550 ([$50 * 1] +

7   [$100 * 35]). Multiplying that number by the 919 employees at issue equals

8   $3,262,450.00." (*Id.*) Accordingly, the estimates from Goodyear's payroll

9   manager are sufficient evidence to establish a reasonable amount in

10   controversy. *See Andrade v. Beacon Sales Acquisition, Inc.*, No. 19- 2019

11   WL 4855997, at *3 (C.D. Cal. Oct. 1, 2019) (declaration estimating that

12   defendants "employed approximately 939 non-exempt employees" who

13   worked "50,720 weeks" at an "average hourly rate [of] $17.98" sufficient to

14   demonstrate amount in controversy); *Marano v. Liberty Mut. Grp., Inc.*, No.

15   20-02215, 2021 WL 129930, at *3 (C.D. Cal. Jan. 14, 2021) ("Although

16   courts have assumed 100% violation rates in other cases involving

17   sweeping allegations, Defendant makes limited and reasonable

18   assumptions for these claims.")

19

20       Moreover, Rodas's reliance on *Harris* is misplaced. The *Harris* court

21   found improper the use of the same number of employees to make

22   calculations for all three classes identified in the complaint because

23   defendant provided no evidence that all three classes were the same. 980

24   F.3d at 701-02. Goodyear here, however, bases its calculation on only one

25   subclass of employees—those non-exempt employees who worked

26   overtime and whose pay stubs allegedly violated California law. (Doc. No.

10.)  Goodyear's calculation thus is a conservative and reasonable estimate of the wage statements violation amount.

Accordingly, the uncontested waiting time penalties amount of $1,926,892,80.00, and the inaccurate wage statements penalties of $3,262,450.00 exceed the $5,000,000 threshold under CAFA.[2]

## IV.    CONCLUSION

For the reasons stated above, the Court **DENIES** Rodas's Motion to Remand.  The November 29, 2021, hearing is vacated.

**IT IS SO ORDERED.**

Dated:    11/24/21

Virginia A. Phillips
United States District Judge

---

[2] The Court need not address the attorneys' fees calculation or overtime claims calculation because the penalties described above satisfy the juris-dictional amount.